# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ALLEN B. PALMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 19-0335-WS-B |
| | ) |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On July 25, 2019, plaintiff, Allen B. Palmer, by and through counsel of record, filed a Motion to Remand (doc. 4) this removal action back to the Circuit Court of Mobile County, Alabama. In removing the action to this District Court, defendants had invoked federal question jurisdiction, pursuant to 28 U.S.C. § 1331, based on the federal causes of action interposed by Palmer at Counts Five (violation of RESPA) and Seven (violation of FCRA). In his Motion to Remand, Palmer argued that the entire action, or at a minimum the six state-law causes of action, should be remanded to state court pursuant to 28 U.S.C. § 1367(c)(2) on the theory that the state-law claims asserted in the Complaint substantially predominate over their federal counterparts.

The Court fixed a briefing schedule pursuant to which defendants' response to the Motion to Remand was due not later than August 8, 2019. (Doc. 6.) On the response deadline date, Palmer filed his First Amended Complaint (doc. 9) as a matter of course pursuant to Rule 15(a)(1)(B), Fed.R.Civ.P., inasmuch as plaintiff had not previously amended his pleading and the amendment was filed within 21 days after defendants filed their responsive pleading. The First Amended Complaint was potentially jurisdictionally significant; indeed, it deleted Palmer's federal claims under RESPA and FCRA, and instead purported to assert solely state-law claims for breach of contract, slander of title, abuse of process, and fraud and misrepresentation.

Defendants did not file a response to the Motion to Remand by the aforementioned deadline. On August 13, 2019, plaintiff filed a Response (doc. 11), asking that the Court not only grant the Motion to Remand (reasoning that through their silence defendants had somehow

"admitted … that the State causes of action predominate") but also award plaintiff attorney's fees in the amount of $8,565 (or 28.55 hours x $300/hour). Hours later, defendants filed a Response (doc. 12) of their own, seeking additional time to file a response to the Motion to Remand and explaining that they did not file a response on or before the August 8 deadline because they needed time to evaluate the jurisdictional impacts of plaintiff's Amended Complaint filed on the same date. Defendants also ask that plaintiff's request for attorney's fees be denied.

Without question, the federal claims contained in Palmer's Complaint at the time of removal provided a valid jurisdictional foothold on which defendants could properly rely to remove the action to federal court. Moreover, binding precedent teaches that Palmer's "substantially predominates" argument under 28 U.S.C. § 1367(c)(2) could not provide any viable basis for remanding the properly removed federal claims (*i.e.*, Palmer's RESPA and FCRA claims). *See Lloyd v. Benton*, 686 F.3d 1225, 1228 (11th Cir. 2012) ("because the district court has original jurisdiction in this case pursuant to the federal question statute, 28 U.S.C. § 1331, the district court should have retained jurisdiction over the properly removed federal claim") (citation and internal marks omitted); *In re City of Mobile*, 75 F.3d 605, 607-08 (11th Cir. 1996) ("Section 1367(c) cannot be fairly read as bestowing on district courts the discretion to remand to a state court a case that includes a properly removed federal claim. … Accordingly, we hold that the district court must retain jurisdiction over the properly removed federal claim."). As such, the Court readily concludes that defendants possessed an objectively reasonable basis for removing this action to federal court based on the presence of federal claims in the Complaint at the time of removal; therefore, plaintiff's request for an award of attorney's fees is **denied**. *See Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006) ("[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.") (citation omitted).

Plainly, defendants should not have allowed the August 8 briefing deadline to expire in silence, even if they wished to have more time to consider the implications of the Amended Complaint. Nonetheless, under the circumstances presented here, the interests of fairness and justice dictate that defendants be allowed a reasonable opportunity to respond to the Motion to Remand, taking into account the jurisdictional effects of the Amended Complaint filed by plaintiff late last week. Accordingly, defendants are **ordered** to respond to the Motion to Remand on or before **August 22, 2019**. Plaintiff may file a reply on or before **August 29, 2019**,

at which time the Motion will be taken under submission, provided, however, that if defendants concede that in the wake of the filing of the Amended Complaint remand of the entire action to state court is warranted, the Court may enter an appropriate remand order in advance of plaintiff's reply deadline.

DONE and ORDERED this 14th day of August, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE