# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ALLEN B. PALMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 19-0335-WS-B |
| | ) |
| FEDERAL NATIONAL MORTGAGE | ) |
| ASSOCIATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on plaintiff's Motion to Remand (doc. 4). On August 14, 2019, the undersigned entered an Order (doc. 13) indicating that defendants had a proper jurisdictional basis for removing this action to federal court based on the federal causes of action set forth in the Complaint at the time of removal. However, the August 14 Order also recognized that circumstances appeared to have changed materially in the wake of removal, inasmuch as plaintiff filed his First Amended Complaint (doc. 9) as a matter of course that deleted all his federal claims and purported to assert solely state-law claims against defendants. In light of this development, the Court ordered defendants to respond to the Motion to Remand, taking into account the jurisdictional implications of plaintiff's post-removal Amended Complaint.

On August 22, 2019, defendants filed their responses (docs. 14 & 15). Through those submissions, all defendants have now consented to the remand of this action to the Circuit Court of Mobile County, Alabama. In doing so, defendants properly acknowledge substantial binding precedent encouraging federal district courts to decline to exercise supplemental jurisdiction over purely state-law claims when the accompanying federal claims have been dismissed early in the lifespan of the case, and to remand such state-law claims in removal actions. *See, e.g., Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."); *McDuffie v. Broward County, Florida*, 654 Fed.Appx. 408, 411 (11th Cir. May 25, 2016) ("Where an action originates in state court and is later removed to federal court, … district courts

should remand to state court the state claims over which they decline to exercise supplemental jurisdiction.").

Based on the foregoing circumstances, and with the consent of all parties, the Court in its discretion **declines** to exercise supplemental jurisdiction over plaintiff's state-law claims, which now represent the sum total of plaintiff's causes of action asserted against defendants herein. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim … if … the district court has dismissed all claims over which it has original jurisdiction"). Because remand, rather than dismissal, of these state-law claims is appropriate in the removal context where the federal court declines supplemental jurisdiction, plaintiff's Motion to Remand (doc. 4) is **granted**. This action is hereby **remanded** in its entirety to the Circuit Court of Mobile County, Alabama, for further proceedings. No attorney's fees will be awarded to any party on a theory of improvident removal.

DONE and ORDERED this 27th day of August, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE